IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| 330 OPPORTUNITY, L.P. and<br>JIMMY BOLLER | §<br>§<br>§ | |
| v. | § | Civil Action No. _____ |
| | § | |
| ROCKHILL INSURANCE COMPANY;<br>STATE AUTO INSURANCE COMPANIES;<br>UNDERWRITERS AT LLOYD'S<br>OF LONDON; BECKY SENN; and<br>CATALYTIC RISK MANAGERS | §<br>§<br>§<br>§<br>§ | JURY |

**DEFENDANT
ROCKHILL INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant ROCKHILL INSURANCE COMPANY ("Rockhill") respectfully invokes the Court's federal diversity jurisdiction under 28 U.S.C. §1332 and hereby serves notice of its removal of this case from the 214th Judicial District Court of Nueces County, Texas, under 28 U.S.C. §1441 and §1446. Complete diversity of citizenship exists between the Plaintiffs and all Defendants properly joined, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Rockhill is not a citizen of the State of Texas and may permissibly remove this case to federal court.

**I.
NATURE OF THE SUIT**

1. This is a civil lawsuit in which the Plaintiffs seek to recover monetary damages from Rockhill as a result of a disputed insurance claim. Plaintiffs contend they are entitled to certain disputed insurance benefits under a property and casualty policy issued by Rockhill. Plaintiffs contends Rockhill has allegedly breached the insurance contract, breached its duty of good faith and fair dealing, violated certain provisions of Chapters 541 and 542 of the Texas

Insurance Code, committed fraud, and violated certain provisions of Chapter 17 of the Texas Business & Commerce Code.

## II.
## PROCEDURAL BACKGROUND

2.   On July 22, 2019, Plaintiffs sued Rockhill by filing Plaintiffs' Original Petition in the 214th Judicial District Court of Nueces County, Texas, bearing Cause No. 2019DCV-3655-F, and styled *330 Opportunity, L.P., et al. v. Rockhill Insurance Company, et al.* ("the State Court Action").  See Plaintiff's Original Petition filed herewith as Exhibit 2.A.

3.   The first Defendant served in this matter was Underwriters at Lloyd's of London ("Lloyd's"), which was served with process on August 6, 2019.

4.   On August 12, 2019, Rockhill received the Plaintiffs' Original Petition in the State Court Action via service by mail from the Texas Secretary of State's office.

## III.
## TIMELINESS OF THE REMOVAL

5.   In compliance with 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty (30) days of Rockhill's receipt of service of the Plaintiff's Original Petition in the State Court Action on August 12, 2019 from the Texas Secretary of State's office.[1]

6.   Furthermore, to the extent the Fifth Circuit follows the "first-served defendant rule," this Notice is being filed within thirty (30) days of the date on which the first-served Defendant, Lloyd's, was served on August 6, 2019.

---

[1] The Secretary of State received the citation and Original Petition on August 6, 2019. See the stamp on the second page of the attached copy of the Plaintiffs' Original Petition noting the date the Secretary's office received process. Service upon the Secretary of State is insufficient to commence the time for Rockhill to seek removal. A defendant's timetable for removing the case commences when the defendant actually receives the citation and petition from the Secretary. *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1988).

7. Furthermore, this removal is being filed within one year of the date that the State Court Action was instituted as required under 28 U.S.C. § 1446(c)(1). This Notice of Removal therefore is timely in all respects.

## IV.
## VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the venue where the State Court Action is pending, i.e., Nueces County, Texas. See Plaintiff's Original Petition filed herewith as Exhibit 2.A.

9. Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in Nueces County, Texas, a county within this federal district and division. See Plaintiff's Original Petition filed herewith as Exhibit 2.A. at paragraphs 19 and 20. The insured property for which the disputed insurance claim was submitted is in Nueces County, Texas. See Plaintiff's Original Petition filed herewith as Exhibit 2.A. at paragraph 19.

## V.
## JURISDICTIONAL BASIS FOR REMOVAL

10. This Court may properly exercise its diversity jurisdiction under 28 U.S.C. §1332, as this is a civil action where there is complete diversity of citizenship between all parties who are properly joined, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. The State Court Action may properly be removed under 28 U.S.C. § 1441(b)(2), as Rockhill and all other Defendants properly joined are not citizens of the State of Texas.

12. Rockhill has conferred with counsel for all Defendants who have been named in this action, regardless of whether they have yet appeared and answered, and all Defendants consent to the removal of this action.

### A.
### Amount In Controversy Exceeds $75,000

13.     Because this case initially was filed in a Texas state court, Rule 47 of the Texas Rules of Civil Procedure requires a plaintiff to state the amount of monetary relief it seeks. See TEX.R.CIV.P. 47(c). In its Original Petition, the Plaintiff affirmatively states that "*Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.*" See Plaintiff's Original Petition filed herewith as Exhibit 2.A. at paragraph 89.[2] Therefore, the amount in controversy is sufficient to invoke the Court's diversity jurisdiction.

### B.
### Diversity of Citizenship of All Parties Properly Joined

#### 1.
#### Citizenship of the Plaintiffs

##### a.
##### Plaintiff 330 Opportunity, L.P.

14.     Plaintiff 330 Opportunity, L.P. ("Opportunity") alleges (incorrectly) that it is a Texas "corporation" which maintains its principal place of business in Corpus Christi, Texas. See Plaintiff's Original Petition filed herewith as Exhibit 2.A. at paragraph 5. As its own name reflects, Opportunity is actually a Texas limited partnership.

15.     As a limited partnership, the citizenship of the limited partners and the general partner both must be examined to establish diversity jurisdiction. *Carden v. Arkoma Associates*, 494 U.S. 185, 187-89, 110 S.Ct. 1015, 1017-18, 108 L.Ed.2d 157 (1990); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); and *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F.Supp.2d 577 (S.D. Tex. 2012).

---

[2]  In addition, Plaintiffs seek the recovery of exemplary and punitive damages. See Plaintiff's Original Petition at paragraph 89.

-4-

16. The <u>limited partner</u>, Opportunity, is a Texas limited partnership that maintains its principal place of business in San Antonio, Texas. See Exhibit 7.A. attached hereto, a true copy of Opportunity's "Certificate of Formation." See also, Exhibit 7.B., the 2018 Texas Franchise Tax Public Information Report filed by Opportunity on May 11, 2018, confirming the current status of the citizenship of Opportunity.

17. The <u>general partner</u> of Opportunity is MAJB Investments Limited Liability Company ("MAJB"), which is a Texas limited liability company that maintains its principal place of business in Corpus Christi, Texas.  See Exhibit 7.A. attached hereto, a true copy of Opportunity's "Certificate of Formation."

18. As a limited liability company, all members of MAJB also must be diverse as to the Defendants. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008) (holding that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of all of its members).

19. Records on file with the Texas Secretary of State reflect that Mark Anthony Adame and James Leroy Boller IV are the only members of the limited liability company MAJB. See Exhibit 7.C., a true copy of MAJB's Certificate of Formation of Limited Liability Company.

20. Mr. Adame is a Texas citizen residing at 5242 Greenbriar, Corpus Christi, Texas 78413.  Mr. Boller is a Texas citizen currently residing at 3906 Ironmill, San Antonio, Texas 78230. See Exhibit 7.C., a true copy of MAJB's Certificate of Formation of Limited Liability Company; Exhibit 7.D., a true copy of the most recent Texas Franchise Tax Report for MAJB that has been signed by Mr. Adame and Mr. Boller as members of the limited liability company; and Exhibit 7.E., a true copy of information obtained from the website of the Texas Secretary of State reflecting that Mr. Adame and Mr. Boller remain the only members of MAJB as of March 17, 2019.

21. As both members of MAJB are citizens of the State of Texas, they are diverse as to all the Defendants properly joined.

### b.
### Plaintiff Jimmy Boller

22. Plaintiffs' Original Petition asserts that Jimmy Boller ("Boller") is an individual who resides at 330 Opportunity Drive, Corpus Christi, Texas 78405. As such, Boller is a citizen of the State of Texas for jurisdictional purposes.[3]

### 2.
### Citizenship of the Defendants

### a.
### Defendant Rockhill Insurance Company

23. Rockhill is a foreign corporation organized under the laws of the State of Arizona with its principal place of business in Columbus, Ohio. Hence, Rockhill is completely diverse as to the Plaintiffs.

### b.
### Defendant State Auto Insurance Companies

24. Plaintiff has named an entity described as "State Auto Insurance Companies" as a Defendant. See Exhibit 2.A., Plaintiffs' Original Petition at paragraph 8. There is no such legal entity.

25. To the extent Plaintiffs intended to sue the legal entity named State Automobile Insurance Company ("State Auto"), it is a foreign corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Hence, State Auto is also

---

[3] If the named Plaintiff Jimmy Boller is actually James Leroy Boller IV, one of the members of the MAJB limited liability company as discussed above, Rockhill has already established that James Leroy Boller IV is a Texas citizen for jurisdictional purposes.

completely diverse as to the Plaintiffs.[4]

### c.
### Defendant Underwriters at Lloyd's of London

#### (1)
#### Establishing Diversity Jurisdiction
#### For A Lloyd's of London Syndicate

26. Plaintiffs assert in their Original Petition that Lloyd's is "a foreign corporation that, at all material times to this action, has engaged in the business of insurance in Texas." This this jurisdictional assertion on its face would appear to establish diversity between the Plaintiffs and Lloyd's.

27. Assessing diversity jurisdiction for a Lloyd's syndicate is not that simple, however. Ordinarily, a court assessing the question of federal jurisdiction over a Lloyd's syndicate must examine whether diversity jurisdiction exists as to each of the "Names" in the particular Lloyd's entity. Lloyd's is not an insurance company per se, but is a self-regulating entity which operates a particular insurance market. *Corfield v. Dallas Glen Hills, LP,* 355 F.3d 853, 857 (5th Cir. 2003). Lloyd's provides a market for the buying and selling of insurance risk among its members who collectively make up Certain Underwriters at Lloyd's, London. *Id.*

28. The members (or investors) who collectively make up Lloyd's are called "Names." These are the individuals and entities that finance the London insurance market and ultimately insure risks. *Id.* Each "Name" is exposed to personal liability for his, her or its proportionate share of the loss on a particular policy to which the "Name" has subscribed to as an underwriter. *Id.* "Names" do not operate independently. Each "Name" is severally liable on

---

[4] State Auto has also been improperly joined, as it is not the insurer which issued the Policy insuring the Plaintiffs' property. There is no reasonable basis to predict that the Plaintiffs could recover from State Auto for any alleged underpayment of a claim on a policy that State Auto did not issue. Nonetheless, State Auto is completely diverse as to the Plaintiffs.

the policies to which it subscribes, but only for his, her or its proportion of each risk. *Id.*

### (2)
### Lloyd's Is Improperly Joined In This Case

29. <u>In this case, however, Lloyd's has been improperly joined</u>. If the plaintiff improperly joins a non-diverse defendant, then the Court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). In this case the citizenship of the "names" in the syndicate(s) involved – *even if any of the "names" are non-diverse parties* – therefore may be disregarded for purposes of assessing diversity jurisdiction because there is no reasonable basis to predict that the Plaintiffs here can recover against Lloyd's or the individual "Names."

30. The Fifth Circuit articulated its standard for determining improper joinder in its *en banc* decision in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In *Smallwood,* the court explained that a non-diverse party is improperly joined if the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Id*. at 573.

31. In the earlier case of *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003), the Fifth Circuit explained that the test for fraudulent or improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. The court in *Smallwood* wrote that a defendant meets this burden by establishing there is no reasonable basis for a district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573. Here, there is no reasonable basis to predict that the Plaintiffs can recover against Lloyd's because the amount of the claim never remotely approached Lloyd's excess layer of insurance under the applicable insurance contract.

32. The insurance contract that pertains to this claim is number is CTW001304. See the pertinent excerpts of this insurance contract attached hereto as Exhibit 7.F. Rockhill and Lloyd's provide various layers of insurance under this program. Rockhill provides the first $4,000,000 of coverage for property damage, and Lloyd's provides the next $2,700,777. See Exhibit 7.F., the Participations page listing the Rockhill primary coverage and the Lloyd's excess coverages. <u>The Plaintiff's own pleadings and its pre-suit representations reflect that the amount of this claim fall entirely within the Rockhill primary $4,000,000 layer</u>.

33. First of all, the Plaintiffs' Original Petition affirmatively states that the amount sought in this suit never even approaches the limits of Rockhill's initial $4,000,000 layer of coverage. "*Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.*" Exhibit 2.A., Plaintiffs' Original Petition at paragraph 89.

34. In addition, the Plaintiffs' pre-suit notice letter affirmatively stated that its damages were $585,027.73 and demanded that sum to settle this matter. See Exhibit 7.G., a true copy of the Plaintiffs' pre-suit notice letter and settlement demand. As the Court can plainly see, this sum is well within the limits of the Rockhill layer of coverage, and the claim does not even remotely approach the Lloyd's excess layers of coverage. As such, there is no reasonable basis to predict that the Plaintiffs can recover against Lloyd's.

35. Because there is no reasonable basis to predict that the Plaintiffs can recover against Lloyd's, Lloyd's has been improperly joined. As a result, the citizenship of the Lloyd's "Names" is irrelevant and can be disregarded for purposes of assessing federal diversity jurisdiction.

### d. Defendant Becky Senn

36. Defendant Becky Senn ("Senn") is an individual who resides in Sumner County,

Tennessee. As a citizen of the State of Tennessee, she is completely diverse as to the Plaintiffs.

### e.
### Defendant Catalytic Risk Managers

37. Defendant Catalytic Risk Managers ("Catalytic") is a corporation organized pursuant to the laws of the State of California, and which maintains is principal place of business in San Diego, California. As a citizen of the State of California, Catalytic is diverse as to the Plaintiffs.

### VI.
### ADDITIONAL DOCUMENTS FILED
### IN SUPPORT OF THE REMOVAL

38. Pursuant to 28 U.S.C. § 1446(a), and Local Rule LR 81 governing removals, the following materials are being filed with this Notice of Removal:

- Form JS-44, Civil Cover Sheet
- Exhibit 1: All Executed Process in the Case
- Exhibit 2: Pleadings in the State Court Case
- Exhibit 3: Orders Signed in the State Court Case (None)
- Exhibit 4: State Court Docket Sheet
- Exhibit 5: Index of Matters being Filed with the Notice of Removal
- Exhibit 6: List of All Counsel of Record
- Exhibit 7: Supporting Documents Referenced in the Notice of Removal

39. Pursuant to 28 U.S.C. § 1446(d), the Defendant will provide prompt written notice to the Plaintiff of the filing of this Notice of Removal and will file a notice with the Clerk of the 214th Judicial District Court of Nueces County, Texas, where the State Court Action is pending.

## VII.
## CONCLUSION AND PRAYER

40. Complete diversity of citizenship is present between the Plaintiffs and the Defendants who are properly joined in this action. In addition, the Plaintiff's pleadings establish that the amount in controversy clearly exceeds $75,000, exclusive of interest and costs. Furthermore, this removal is timely in all respects. This honorable Court therefore may exercise its federal diversity jurisdiction under 28 U.S.C. §1332.

41. Defendant ROCKHILL INSURANCE COMPANY therefore respectfully prays that the Court entertain its federal diversity jurisdiction over this matter.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By: /s/ *Christopher W. Martin*
           Christopher W. Martin
           (Attorney-in-Charge)
           E-Mail: martin@mdjwlaw.com
           Texas Bar No.: 13057620
           P. Wayne Pickering
           E-mail: pickering@mdjwlaw.com
           Texas Bar No. 15975030

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT**
**ROCKHILL INSURANCE COMPANY**

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2019, a true copy of this document was electronically filed via the CM/ECF system and that all counsel of record designated to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

/s/  *P. Wayne Pickering*
P. Wayne Pickering