**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **330 OPPORTUNITY, L.P. and** | § | |
| **JIMMY BOLLER** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **ROCKHILL INSURANCE COMPANY;** | § | |
| **STATE AUTO INSURANCE COMPANIES;** | § | |
| **UNDERWRITERS AT LLOYD'S** | § | **JURY** |
| **OF LONDON; BECKY SENN; and** | § | |
| **CATALYTIC RISK MANAGERS** | § | |

**EXHIBIT 2
TO DEFENDANT'S NOTICE OF REMOVAL:**

**PLEADINGS FILED IN STATE COURT**

In compliance with 28 U.S.C § 1446(a) and Local Rule 81, Defendant ROCKHILL

INSURANCE COMPANY ("Rockhill"), in support of its Notice of Removal in the above-

referenced action submits the following pleadings filed in state court prior to removal:

    A.    **Plaintiffs' Original Petition**

    B.    **Defendant Rockhill's Answer**

    C.    **Defendant Certain Underwriters at Lloyd's of London Answer**

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
        Christopher W. Martin
        (Attorney-in-Charge)
        E-Mail: martin@mdjwlaw.com
        Texas Bar No.: 13057620
        P. Wayne Pickering
        E-mail: pickering@mdjwlaw.com
        Texas Bar No. 15975030

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT
ROCKHILL INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of September, 2019, a true copy of this document was electronically filed via the CM/ECF system and that all counsel of record designated to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

_/s/  P. Wayne Pickering_
P. Wayne Pickering

# EXHIBIT "A"

Filed
7/22/2019 3:13 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-3655-F

| | | |
|---|---|---|
| 330 OPPORTUNITY, L.P.; JIMMY BOLLER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| ROCKHILL INSURANCE COMPANY; | § | NUECES COUNTY, TEXAS |
| STATE AUTO INSURANCE COMPANIES; | § | |
| UNDERWRITERS AT LLOYD'S OF | § | |
| LONDON; BECKY SENN; CATALYTIC | § | |
| RISK MANAGERS, | § | |
| | § | |
| Defendants. | § | ___TH JUDICIAL DISTRICT |
| | § | |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION

### SUMMARY

1.      This is a lawsuit for money damages, declaratory judgment, and other relief for the tortious and illegal conduct of Defendants. Plaintiffs are policyholders who filed an insurance claim for their wind and hail damages resulting from Hurricane Harvey. Defendants are several large national insurance companies and their agent who handled Plaintiffs' claim.

2.      The policy of these Defendants has been to automatically and summarily draw out claims despite their merits in the hopes that their insured would simply give up, reaping even more profits for Defendants. Allowing the Defendants to continue in this way violates Texas common law, Texas statutes, and the fundamental public policy underpinning insurance law itself.

3.      For these reasons, and as set forth more specifically herein, Plaintiffs bring suit against the Defendants.

### DISCOVERY LEVEL

4.      Plaintiffs have elected to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## PARTIES

5.      Plaintiff 330 Opportunity, L.P. ("Opportunity") is a domestic corporation whose principal place of business is located at 330 Opportunity Drive, Corpus Christi, TX 78405.

6.      Plaintiff Jimmy Boller ("Boller") is an individual who resides at 330 Opportunity Drive, Corpus Christi, TX 78405.

7.      Defendant Rockhill Insurance Company ("Rockhill") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas.[1] Rockhill may be served with process through the Texas Secretary of State, which will forward the lawsuit papers to Rockhill's registered agent for service of process, Jerry W. Brumfield, whose service address is 700 W. 47th Street, Suite 350, Kansas City, MO 64112.

8.      Defendant State Auto Insurance Companies ("State Auto") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas. State Auto may be served with process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701-3218.

9.      Defendant Becky Senn ("Senn") is an individual who resides in Franklin County, Ohio. She may be served with process through the Texas Secretary of State, which will forward the lawsuit papers to her address at 518 E. Broad Street, Columbus, OH 43215, or wherever she or anyone who may be authorized by law to accept service for her may be found.

10.      Defendant Catalytic Risk Managers ("Catalytic") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas. It may be served with process through the Texas Secretary of State, which will forward the lawsuit papers to its address at 350 10th Avenue Suite 1450, San Diego, CA 92101.

---

[1] Rockhill is not licensed to sell insurance in Texas. Rockhill is a subsidiary of State Auto, which is so licensed.

PLAINTIFFS' ORIGINAL PETITION

11.     Defendant Underwriters at Lloyd's of London ("Underwriters") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas. It may be served with process through the Texas Secretary of State, which will forward the lawsuit papers to its registered agent for service of process, Mendes & Mount, L.L.P., whose service address is 750 Seventh Avenue, New York, NY 10019.

<b><u>AGENCY, RESPONDEAT SUPERIOR, AND CONCERT OF ACTION</u></b>

12.     Whenever this petition alleges that any Defendant or its agents committed any act, omission or thing, it means that each Defendant or its agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

13.     Such acts, omissions or things were done with the full authorization or ratification of the Defendants, and in the routine course and scope of agency or employment of each of their agents, adjusters, claim managers, section managers, officers, servants, employees, or representatives.

14.     These Defendants individually and collectively acted in concert and/or civil conspiracy, and are therefore each legally responsible and liable for both their own acts and omissions and those of one another.

<b><u>CONDITIONS PRECEDENT</u></b>

15.     All conditions precedent to Plaintiffs' right to recover and to Defendants' liability have occurred and/or have been performed.

<b><u>JURISDICTION AND VENUE</u></b>

16.     Jurisdiction is proper in this Court, because the amount of damages sought is within the jurisdictional limits of this Court.

17.     Venue is proper as to all of the acts complained of and/or all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Nueces County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002.

PLAINTIFFS' ORIGINAL PETITION

## FACTUAL BACKGROUND

18.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

19.     On August 25, 2017, Corpus Christi was struck by the full force of Hurricane Harvey, a Category 4 hurricane that produced 63 mile-per-hour wind gusts and dropped eight inches of rain on the city. This storm seriously damaged many buildings in the city, including Plaintifsfs building at 330 Opportunity Drive, Corpus Christi, Texas 78405 (the "Property"). The hurricane's winds tore gravel coating, threw fixtures, and punctured multiple holes in the Property's roof. Rainwater from the hurricane flooded the Property's interior through these openings, inundating drywall and carpet alike.

20.     Plaintiffs held an insurance policy (the "Policy") covering the Property on August 25, 2017, and had paid their premiums on that Policy. This Policy was issued by Defendants Rockhill and State Auto, and underwritten by Defendants Catalytic and Underwriters. Plaintiffs timely filed an insurance Claim (the "Claim") under the Policy with Defendants Rockhill and State Auto.

21.     On January 5, 2018, State Auto and Rockhill retained the ProNet Group ("ProNet") to inspect the Property. ProNet inspected the Property on January 23, 2018; State Auto and Rockhill received this report on February 9, 2018. Based exclusively on ProNet's report, State Auto – through its employee, Senn – denied the Claim on March 25, 2018. In their nine-page denial letter, State Auto and Senn quoted eight pages of the Policy without explaining why a single cited provision applied.

22.     Defendants relied on ProNet's cursory three-page 'analysis' – which failed to cite a single fact about *Plaintiffs'* Property – without addressing its flaws. ProNet stated that "excessive rainfall" could expose "sources of water intrusion" and that "temperature variation can cause damage" to roof membranes; neither assertion examined *this* Property's damages. Likewise, ProNet claimed that "deferred maintenance" and poor "quality of workmanship" explained the Property's damages without identifying what "maintenance" or "workmanship" was flawed. ProNet's threadbare, unsupported conclusions should have alerted Defendants that their investigation was incomplete.

Page 4 of 15

23.     Furthermore, Defendants never adequately explained what caused Plaintiffs' loss. ProNet claimed that "rodent activities" and "historical water leaks" damaged the Property – without stating what those "activities" were, when those "historical" leaks happened, or how either 'cause' could penetrate a bitumen roof membrane. ProNet also claimed – without any supportive evidence – that water from the roof leaks flowed along the roof's 'horizontal components' rather than falling directly downward as water ordinarily does. By repeating ProNet's claims without further inquiry or clarification, Defendants provided an unreasonable and incredible explanation of the Property's damage – not the reasonable explanation required by law.

24.     Defendants' failure to adequately investigate or explain their denial of the Claim is readily explained: even ProNet's flawed, limited findings show the Policy covers the Property's damage. ProNet's photos of the Property's roof show erosion of the roof's gravel layer, HVAC panels and piping bent away from their units, and satellite dishes thrown across the roof – all damage caused by wind. These findings directly contradict ProNet's conclusion that it observed "no displaced mechanical components" on the roof. Nonetheless, Defendants parroted ProNet's incorrect conclusions without even explaining – or even acknowledging – its contrary evidence, and thereby misrepresented the material facts underlying Plaintiffs' Claim.

25.     Throughout their handling of Plaintiffs' Claim, Defendants baselessly delayed resolution of the Claim, misrepresented the factual conditions underlying the Claim, and refused to pay any portion of the Claim despite their knowledge of its merits. This conduct violated Defendants' obligations under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. It also constituted several torts, including breach of contract, negligent misrepresentation, and fraud.

26.     For these reasons, and as set forth more specifically herein, Plaintiffs bring suit against Defendants.

PLAINTIFFS' ORIGINAL PETITION

## CAUSES OF ACTION

## UNFAIR SETTLEMENT PRACTICES - VIOLATIONS OF THE TEXAS INSURANCE CODE

27.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

28.    Defendants misrepresented material facts and the Policy's provisions relating to coverage at issue. TEX. INS. CODE §541.060(a)(1). For example, Defendants misrepresented the actual findings of their own expert reports to justify their complete denial of the Claim.

29.    Defendants failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim, to which Defendants' liability had become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). Defendants never offered to settle any portion of the Claim.

30.    Defendants failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim under one portion of a policy with respect to which liability had become reasonably clear to influence Plaintiffs to settle another claim under another portion of the coverage. TEX. INS. CODE §541.060(a)(2)(B). Again, Defendants never offered to settle any portion of the Claim.

31.    Defendants failed to promptly provide Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denying the Claim. TEX. INS. CODE §541.060(a)(3). For example, Defendants' purported explanation of the causes of the damage to Plaintiffs' roof was not a "reasonable explanation," as it contradicted their own experts' findings.

32.    Defendants failed to adopt and implement reasonable standards for prompt investigation of claims arising under their policies. Defendants also failed within a reasonable time to affirm or deny coverage of the Claim or submit a reservation of rights to Plaintiffs. TEX. INS. CODE §§541.060(a)(4)(A) & (B). For example, it took Defendants five months after the date of loss to have ProNet inspect the property, even though their claimed causes of 'corrosion' and 'historical leaks' could have been worsened by such delay.

PLAINTIFFS' ORIGINAL PETITION

33.    Defendants refused to pay the Claim without conducting a reasonable investigation with respect to the Claim. TEX. INS. CODE §541.060(a)(7). As Defendants' own conduct makes clear, the Defendants' purported investigation and expert reports were mere pretexts to deny the Claim.

34.    Defendants misrepresented the Policy by making untrue statements of material fact. TEX. INS. CODE §541.061(1). For example, Defendants invoked Policy provisions in their denial letter that have no factual support in their provided evidence.

35.    Defendants misrepresented the Policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. TEX. INS. CODE §541.061(2). For example, Defendants' statements regarding ProNet's conclusions failed to state ProNet's contradictory findings, and were therefore misleading.

36.    Defendants misrepresented the Policy by making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. TEX. INS. CODE §541.061(3). Again, Defendants' recitations of ProNet's conclusions without acknowledgement of any of ProNet's contradictory evidence would lead a reasonable person to the false conclusion that no contradictory evidence exists.

37.    Defendants misrepresented the Policy by failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with Texas law. TEX. INS. CODE §541.061(5); §541.002(1). Defendants were required by law to disclose a reasonable explanation of Plaintiffs' damages, which they utterly failed to disclose.

38.    Defendants knowingly committed these acts, with actual knowledge of the falsity, unfairness or deception of their acts and practices. TEX. INS. CODE §§41.002(1).

### FAILURE TO MAKE PROMPT PAYMENT OF CLAIM – VIOLATIONS OF THE TEXAS INSURANCE CODE

39.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

PLAINTIFFS' ORIGINAL PETITION

40.     Defendants failed to timely: (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from Plaintiffs all items, statements, and forms that they reasonably believed, at that time, would be required from Plaintiffs. TEX. INS. CODE §542.055(a).

41.     Defendants failed to notify Plaintiffs in writing of the acceptance or rejection of the claim not later than the 15th business day after the receipt of all items, statements and forms required by the Defendants. TEX. INS. CODE §542.056(a).

42.     Defendants failed to timely notify Plaintiffs of the purported reasons that they needed any additional time to handle Plaintiffs' claim. TEX. INS. CODE §542.056(d).

43.     Defendants have delayed payment of Plaintiffs' claim, in violation of Texas Insurance Code §542.058(a). TEX. INS. CODE §542.058(a).

### STATUTORY INTEREST –
### VIOLATIONS OF THE TEXAS INSURANCE CODE

44.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

45.     Plaintiffs seek penalties in the amount of 18% statutory interest on the amount of their claims, or the maximum rate that legally may be awarded, as well as reasonable attorney's fees, for the Defendants' violations of Texas Insurance Code Subchapter B, pursuant to Texas Insurance Code §542.060. TEX. INS. CODE §542.060.

### BREACH OF CONTRACT

46.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

47.     Defendants have breached their contract with Plaintiffs.  As a result of such breaches, Plaintiffs have suffered damages and seek recovery of all such damages herein.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

49.     Defendants had a duty to deal fairly and in good faith with Plaintiffs in processing its

PLAINTIFFS' ORIGINAL PETITION

Claim.  Defendants breached this duty by refusing to properly investigate the Claim and wrongfully denying the insurance benefits to which Plaintiffs were entitled by the Policy.  Defendants knew or should have known that there was no reasonable basis for denying or delaying the required benefits – especially given their own expert's findings indicating their liability.

50.    As a result of the Defendants' breach of these legal duties, the Plaintiffs suffered damages and seek recovery of same herein.

## PUNITIVE DAMAGES FOR BAD FAITH

51.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

52.    Defendants acted fraudulently and with malice (as that term is legally defined) in denying Plaintiffs' claim. Further, the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to Plaintiffs' rights, safety, and welfare.

53.    For these actions, Plaintiffs are entitled to awards of punitive damages against all Defendants.

## NEGLIGENT MISREPRESENTATION

54.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

55.    Defendants made various representations to Plaintiffs in the course of their unlawful refusal to honor the Claim, as well as other business and/or transactions in which they had an interest.

56.    Defendants supplied false information for the guidance of others, including Plaintiffs.

57.    Defendants did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiffs.

58.    Plaintiffs justifiably relied upon Defendants' representations.

59.    Defendants' negligent misrepresentations proximately caused damages to Plaintiffs.

60.    For this reason, Plaintiffs bring suit and seek to recover any and all damages herein.

## COMMON LAW FRAUD

61.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

62.     Defendants made material misrepresentations which were false, known to be false when made, and upon . which they intended Plaintiffs to rely. Plaintiffs relied upon these misrepresentations, proximately causing injury to Plaintiffs.

63.     Defendants' material misrepresentations include, but are not limited to, misrepresentations regarding and failure to reveal material facts regarding the insurance policy, claims handling, and/or the their failure and/or refusal to pay covered, underlying claims.

64.     For this reason, Plaintiffs bring suit and seek to recover any and all damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

65.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

66.     Plaintiffs are consumers for purposes of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and purchased or sought to purchase goods or services from Defendants. TEX. BUS. & COMM. CODE ANN. § 17.41.

67.     Defendants used or employed false, misleading and/or deceptive acts or practices as specifically enumerated under the DTPA, including, but not limited to, the following, which were relied upon by Plaintiffs to their detriment:

68.     Defendants caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. *Id.* §17.46(b)(2). For example, Defendants' denial letter contained letterhead from State Auto, was signed by Senn as representing "Rockhill/Catalytic Insurance Companies," and did not subsequently clarify which Defendants handled the Claim.

69.     Defendants knowingly advertised their services with the intent not to sell them as advertised. *Id.* §17.46(b)(9). Defendants advertised that their dispute-resolution processes would be

PLAINTIFFS' ORIGINAL PETITION

honored, with no intention of honoring those processes.

70.     Defendants represented that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law. *Id.* §17.46(b)(12). Defendants' denial letter falsely implied that "wear and tear," "deferred maintenance," and "activities by rodent pests" were concurrent-cause exclusions under the Policy.

71.     Defendants failed to disclose information to Plaintiffs concerning services that was known at the time of the transactions, and intended their non-disclosure to induce Plaintiffs into transactions they would not have entered into had that information been disclosed. *Id.* §17.46(b)(23). Defendants failed to disclose the cursory nature of their claim investigation practices to Plaintiffs; Plaintiffs would not have bought Defendants' Policy if this information had been disclosed.

72.     Defendants performed unconscionable acts and/or took an unconscionable course of action against Plaintiffs, which to Plaintiffs' detriment, took advantage of their lack of knowledge, ability, experience or capacity to a grossly unfair degree. *Id.* §17.50(a)(3).

73.     The aforementioned violations of the DTPA, and all other such violations by Defendants, were committed either negligently or knowingly, and were a producing cause of all damages to Plaintiffs as described herein.

74.     For this reason, Plaintiffs bring suit and seek to recover any and all damages herein.

## CIVIL CONSPIRACY

75.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

76.     Defendants, individually and collectively, engaged in a civil conspiracy to damage Plaintiffs.

77.     Defendants individually and collectively had a meeting of the minds to both: (1) accomplish an unlawful purpose; and (2) accomplish a lawful purpose by unlawful means.

78.     Defendants individually and collectively sought to violate Texas law by depriving the

PLAINTIFFS ORIGINAL PETITION

Plaintiffs of their right to recover under the Policy. Defendants violated the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act, breached the duty of good faith and fair dealing they owed Plaintiffs, breached their Policy with Plaintiffs, and committed common law fraud against Plaintiffs.

79. Defendants individually and collectively damaged Plaintiffs by, *inter alia,* violating the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act, breaching of the duty of good faith and fair dealing they owed to Plaintiffs, breaching their Policy with Plaintiffs, and committing common law fraud against Plaintiffs.

80. Defendants individually and collectively committed numerous unlawful, overt acts as part of this civil conspiracy, including but not limited to their fraudulent and bad faith process of 'investigating' the Claim.

81. For this reason, Plaintiffs bring suit and seek to recover any and all damages herein.

## DECLARATORY JUDGMENT

82. Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

83. Plaintiffs plead for herein and seek declaratory judgment on the insurance policy (the Policy) issued by State Auto, Rockhill, Catalytic, and Underwriters. *See* TEX. CIV. PRAC. AND REM. CODE §§ 37.001, 37.004 (Vernon's Supp. 2014). Plaintiffs seek judgment on the Policy, declaring that Defendants are liable for the claims submitted by Plaintiffs.

84. Plaintiffs further plead for herein and seek declaratory judgment on the status of Defendant Rockhill's relationship with Defendant State Auto. *See* TEX. CIV. PRAC. AND REM. CODE §§37.001, 37.004 (Vernon's Supp. 2014). Plaintiffs seek a judgment declaring that Defendant Rockhill was an alter ego of Defendant State Auto for all times relevant to this action.

85. Plaintiffs further plead for herein and seek declaratory judgment on the status of Defendant Senn as it pertains to her agency and actions on behalf of Defendants Rockhill, Catalytic,

Page 12 of 15

and State Auto. *See* TEX. CIV. PRAC. AND REM. CODE §§37.001, 37.004 (Vernon's Supp. 2014).  The Plaintiffs seek judgments declaring that Defendant Senn was acting in the course and scope of the employment with and/or as agent of Defendants Rockhill, Catalytic, and State Auto for all times relevant to this action.

86.     For this reason, Plaintiffs seek declaratory judgment from this Court.

## DAMAGES AND NON-MONETARY RELIEF

87.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

88.     As required by Texas Rule of Civil Procedure 47(b), Plaintiffs plead that the damages sought are within the jurisdictional limits of this Court.

89.     As required by Texas Rule of Civil Procedure 47(c), Plaintiffs further plead that they seek monetary relief of over $200,000, but less than $1,000,000, as well as non-monetary relief. Accordingly, this matter is not subject to Texas Rule of Civil Procedure 169.

90.     However, the amount of monetary relief actually awarded will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

91.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

92.     The Defendants' acts and omissions have caused economic damages to Plaintiffs.  In committing these acts and omissions, the Defendants acted with malice. *See* TEX. CIV. PRAC. AND REM. CODE ANN. §41.003 (Vernon's Supp. 2011); TEX. INS. CODE ANN. § 541.002(1) (Vernon's 2011). There is clear and convincing evidence of such malice. *See id.*

93.     The Defendants also committed common law fraud, and other violations and breaches of duty against Plaintiffs, rising to the level of malice.  There is clear and convincing evidence that the Defendants' acts and omissions constitute such violations and malice.

94.     Plaintiffs therefore seek and are fully entitled to awards of exemplary damages against

Page 13 of 15

all Defendants.

## ATTORNEY'S FEES

95.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

96.     Pursuant to Texas Civil Practice & Remedies Code §38.001, Texas Insurance Code §542.060, Texas Business & Commerce Code § 17.50(d), and any and all other statutes and laws providing for recovery of such costs and fees, Plaintiffs are entitled to recover all costs, expenses, and reasonable attorney's fees, as allowed under law.  Plaintiffs respectfully seek such recovery herein.

## JURY DEMAND

97.     Plaintiffs demand a trial by jury and have paid the appropriate fee to the clerk of the Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that, upon final trial and hearing hereof:

a.      Judgment be entered against the Defendants to recover actual economic damages;

b.      Judgment be entered against Defendants for appropriate exemplary damages;

c.      Judgment be entered against Defendants for attorney's fees, costs and expenses incurred by Plaintiffs through all appeals;

d.      Pre-judgment and post-judgment interest be awarded to Plaintiffs at the maximum rate permitted by law;

e.      Costs of suit be awarded to Plaintiffs; and

f.      Any and all such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MURR  YANOCHIK**, P.L.L.C.

*/s/ George B. Murr*

George B. Murr
murr@my-lawyers.com
Texas Bar No.  00794348
Thomas Ryan Lemens
lemens@my-lawyers.com
Texas Bar No.  24109463
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' ORIGINAL PETITION

# EXHIBIT "B"

Filed
8/22/2019 10:46 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-3655-F

| | | |
|---|---|---|
| 330 OPPORTUNITY, L.P.; | § | IN THE DISTRICT COURT OF |
| JIMMY BOLLER, | § | |
| | § | |
| vs. | § | |
| | § | NUECES COUNTY, TEXAS |
| ROCKHILL INSURANCE COMPANY, | § | |
| STATE AUTO INSURANCE COMPANIES; | § | |
| UNDERWRITERS AT LLOYD'S OF | § | |
| LONDON; BECKY SENN; CATALYTIC | § | |
| RISK MANAGERS | § | 214TH JUDICIAL DISTRICT |

## DEFENDANT ROCKHILL INSURANCE COMPANY'S
## ORIGINAL ANSWER

COME NOW, Defendant, Rockhill Insurance Company, in the above entitled and numbered cause and files this Original Answer, and in its defense respectfully shows this Court:

### I.
### GENERAL DENIAL

Defendant, Rockhill Insurance Company, disputes the allegations presented by Plaintiff and pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies the allegations in Plaintiff's Original Petition (and any petition which may hereafter be filed by the Plaintiff) and demands strict proof thereof.

### II.

WHEREFORE, PREMISES CONSIDERED, Defendant, Rockhill Insurance Company, respectfully prays that upon the hearing of this matter that the Court enter judgment that Plaintiff take nothing, and that Defendant Rockhill Insurance Company be awarded all such further relief to which it may be justly entitled.

Respectfully submitted,

**Martin, Disiere, Jefferson & Wisdom, L.L.P.**

*/s/ Christopher W. Martin*

Christopher W. Martin
Email: martin@mdjwlaw.com
Texas Bar No. 13057620
P. Wayne Pickering
Email: pickering@mdjwlaw.com
Texas State Bar No. 15975030
808 Travis, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
**Attorneys for Defendant**
**Rockhill Insurance Company**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served under Rules 21 and 21a, Texas Rules of Civil Procedure, on the 22nd day of August, 2019, upon the following counsel of record:

George B. Murr
Email:  murr@my-lawyers.com
Thomas Ryan Lemens
lemens@my-lawyers.com
MURR YANOCHIK, PLLC
4101 Washington Avenue
Houston, Texas 77007
*Attorneys for Plaintiffs*

*/s/ P. Wayne Pickering*

P. Wayne Pickering

2

# EXHIBIT "C"

Filed
8/30/2019 11:53 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2019DCV-3655-F

| | | |
|---|---|---|
| 330 OPPORTUNITY, L.P.; JIMMY BOLLER | § | IN THE DISTRICT COURT OF |
|    Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| ROCKHILL INSURANCE COMPANY, | § | |
| STATE AUTO INSURANCE | § | |
| COMPANIES; UNDERWRITERS AT | § | |
| LLOYD'S OF LONDON; BECKY SENN; | § | |
| CATALYTIC RISK MANAGERS, | § | |
|    Defendants | § | 214TH JUDICIAL DISTRICT |

### DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LWH001017'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Certain Underwriters at Lloyd's, London subscribing to Policy No. LWH001017, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest and incorrectly named as "Underwriters at Lloyd's of London" (herein "Defendants" or "Underwriters"), in the above-styled and numbered cause and file their Original Answer, Affirmative Defenses and Special Exceptions and respectfully show the Court the following:

### I.   GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all of the material allegations contained in Plaintiffs' Original Petition and in any subsequent Petitions, and demand strict proof thereof as required by the laws of the State of

DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LWH001017'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND SPECIAL EXCEPTIONS
Page 1
PD.26849190.1

Texas.

## II.    AFFIRMATIVE DEFENSES

1.      Further answering, Defendants assert that Plaintiffs' damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

2.      As to Plaintiffs' claims alleging bad faith against Defendants, a *bona fide* controversy existed and continues to exist concerning the amount of the allegedly covered loss and Plaintiff's entitlement to additional insurance benefits under the Policy.   The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

3.      Further answering, Defendants are not liable in whole or in part to Plaintiffs for any damages Plaintiffs may have suffered, which Defendants deny, because Defendants' actions or inactions were not a producing cause of damages, injury or loss suffered by Plaintiffs.

4.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.   Defendants assert that any claim which is based upon an alleged misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of the insurance policy at issue.

5.      Further answering, Texas law is clear that insurance coverage cannot be created by waiver or estoppel.

6.      Further answering, if Plaintiffs' alleged damages were the result of both covered and non-covered causes of loss, then the Plaintiffs bear the burden of separating and proving the amount of damage resulting from a covered cause of loss.

7.      Further answering, with respect to Plaintiffs' claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code § 41.002-41.009.

### III.    SPECIAL EXCEPTION

Defendants specially except to Plaintiffs' allegations that it acted wrongfully with knowledge and/or intentionality because there are no facts to support such allegations. Accordingly, Plaintiffs should be required to file an amended pleading which sets forth facts and evidence in support of these allegations.

### IV.    PRAYER

WHEREFORE, Defendants pray that Plaintiffs take nothing by this lawsuit and that Defendants be allowed to go hence without delay and recover all of their costs and attorneys' fees, and such other and further relief, both special and general at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Paige C. Jones*
        Paige C. Jones
        Texas Bar No. 24054609
        paige.jones@phelps.com
        Alicia A. Murphy
        Texas Bar No. 24095005
        alicia.murphy@phelps.com
        115 Grand Avenue, Ste. 222
        Southlake, Texas 76092
        Telephone: (817) 488-3134
        Telecopier: (817) 488-3214

**ATTORNEYS FOR DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LWH001017**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Underwriters' Original Answer, Affirmative Defenses, and Special Exceptions has been served upon all counsel as listed below by sending a copy of same via certified mail return receipt requested, electronic mail, e-service, and/or facsimile, on the 30th day of August, 2019.

George B. Murr
Thomas Ryan Lemens
MURR YANOCHIK, P.L.L.C.
4101 Washington Avenue
Houston, Texas 77007
murr@my-lawyers.com
lemens@my-lawyers.com

Christopher W. Martin
P. Wayne Pickering
MARTIN DISIERE JEFFERSON & WISDOM
Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
pickering@mdjwlaw.com
martin@mdjwlaw.com

*/s/ Paige C. Jones*
Paige C. Jones
Alicia A. Murphy

DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LWH001017'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND SPECIAL EXCEPTIONS
Page 5
PD.26849190.1